# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN PATILLO, | No. 4:20-CV-00059 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN OF FCC ALLENWOOD, | |
| Respondent. | |

## MEMORANDUM OPINION

### JUNE 17, 2020

Presently before the Court is Petitioner Edwin Patillo's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, challenging, *inter alia*, the consecutive nature of his federal and state sentences.[1] Respondent submitted an answer,[2] and Petitioner has now filed a reply.[3] For the reasons that follow, the Petition will be dismissed for lack of jurisdiction.

## I.     BACKGROUND

Petitioner is presently incarcerated at the Federal Correctional Complex at Allenwood in White Deer, Pennsylvania, and has a projected release date of October 16, 2027.[4]

---

[1]   Doc. 1.
[2]   Doc. 10.
[3]   Doc. 12.
[4]   Doc. 10.

On May 11, 2007, a federal jury in the U.S. District Court for the District of New Jersey found Petitioner guilty of conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).[5]

After that conviction, a jury in the New Jersey Superior Court for Atlantic County found Petitioner guilty of using personal identifying information of another in violation of N.J. Rev. Stat. § 2C:21-17; tampering with public records in violation of N.J. Rev. Stat. § 2C:28-7(a); and falsifying or tampering with records in violation of N.J. Rev. Stat. § 2C:21-4(a).[6] On July 14, 2008, Petitioner was sentenced to a total of fifteen years of imprisonment for his state crimes, for which 7 years and 6 months would be ineligible for parole.[7] The state court noted that whether Petitioner's pending federal sentence would run concurrently or consecutively to his state sentence would be decided by the federal court.[8]

On August 14, 2008, the District of New Jersey sentenced Petitioner to a term of 360 months of imprisonment and ordered the sentence to be "consecutive to any

---

[5] See Doc. 10 at 2. See also United States v. Patillo, No. 1:06-cr-611 (D.N.J.).
[6] See Doc. 10 at 3.
[7] Id.
[8] Id.

other sentence [Petitioner was] serving or that was previously imposed in any [c]ourt."⁹

On November 10, 2015, the District of New Jersey reduced Petitioner's federal sentence to 292 months of imprisonment in response to a motion pursuant to 18 U.S.C. § 3582(c)(2).¹⁰

On March 19, 2019, Petitioner filed a motion for reduction of sentence with the District of New Jersey based on the First Step Act.¹¹  The motion was granted in part and denied in part on September 9, 2019.¹²  Specifically, Petitioner's sentence was reduced from 360 months to a total of 292 months.¹³  An appeal of the Court's decision remains pending before the United States Court of Appeals for the Third Circuit.

In his petition, Petitioner seeks "this Court's authority to order" the New Jersey State Parole Commission to relinquish a "seal certification/affidavit which set[s] forth the current status and structure of the New Jersey State Sentence."¹⁴  Petitioner goes on to state that he would like the affidavit to include the authority for imposing a consecutive or concurrent sentence to his previously not yet imposed federal sentence.¹⁵  Finally, Petitioner explains that the Federal Bureau of Prisons

---

⁹   *See also United States v. Patillo*, No. 1:06-cr-611, Doc. 122 (D.N.J.).
¹⁰  *See id,* Doc. 169.
¹¹  *See id.,* Doc. 175.
¹²  See id., Doc. 185.
¹³  *Id.*
¹⁴  Doc. 1 at 1.
¹⁵  *Id.* at 2.

has utilized his state sentence as a detainer, which has assigned custody level points to Petitioner and which prevents his transfer to a low security federal prison.[16] Notably, Petitioner has already challenge the consecutive nature of his federal and state sentences before this Court in a prior § 2241 petition, which the Court denied.[17]

## II.   DISCUSSION

"The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States."[18] "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."[19]  Any challenge that could "affect the duration of the petitioner's sentence" is appropriately brought pursuant to § 2241.[20]  If, however, a petitioner is attacking something other than the fact or length of his confinement, he is seeking something other than immediate or speedier release—the traditional purpose of habeas corpus.[21]  In such a case, when the claim does not directly implicate the fact

---

[16]   *Id.*
[17]   *See* No. 18-cv-1388, Docs. 24 & 25 (M.D. Pa. Nov. 30, 2018) (concluding that federal authorities had primary custody over petitioner at the time of his federal sentencing and that federal and state sentences were correctly determined to be served consecutively).
[18]   28 U.S.C. § 2241(c)(3).
[19]   *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). *See Zayas v. INS*, 311 F.3d 247, 256 (3d Cir. 2002) (identifying "applications challenging the manner in which a valid federal sentence is carried out" as an example of a "categor[y] of habeas petitions filed under § 2241").
[20]   *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). *See also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).
[21]   *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). *See also Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993).

or duration of a petitioner's confinement, it may not be pursued by a habeas corpus petition.[22]

Here, as far as I can discern from Petitioner's petition, he is essentially challenging the authority of the New Jersey state courts to order his state sentence to run consecutively to a not yet imposed federal sentence. In addition, Petitioner seems to challenge the additional custody points that this consecutive state sentence imposes for the purposes of whether he may be assigned to a low security facility.

First, as to Petitioner's suggestion that the New Jersey state courts somehow lacked authority to order the service of his state sentence consecutive to his federal sentence, this Court has already determined that Petitioner was in the primary custody of the federal authorities at the time his state and federal sentences were imposed, and that the District of New Jersey appropriately ordered his state and federal sentences to be served consecutively, which is well within the authority of the sentencing court. As the Court previously explained in Petitioner's prior § 2241 proceeding, there is no merit to the contention that his sentences should be served concurrently. None.

Second, to the extent that Petitioner seeks to challenge his designation to a medium rather than a low security facility due to his New Jersey detainer, such a request does not affect the fact or duration of his sentence, and the grant of the relief

---

[22] *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Petitioner requests would not result in a speedier release from his federal confinement. As such, this is not a cognizable claim in a § 2241 petition, and the Court lacks jurisdiction over it.

Finally, Petitioner has filed a letter supplement to his petition, in which he discusses his recent resentencing in the District of New Jersey pursuant to the First Step Act.[23] It is unclear the relief that Petitioner is seeking regarding his federal resentencing; as Respondent correctly notes in its answer, any challenge to Petitioner's resentencing must generally be brought in the sentencing court pursuant to 28 U.S.C. § 2255.[24]

Petitioner's resentencing in the District of New Jersey occurred on September 6, 2019, for which a direct appeal is still pending, and thus, it appears a motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 is still an available, timely remedy should Petitioner seek to challenge his resentencing. As such, Petitioner has failed to demonstrate that such a motion would be inadequate or ineffective to challenge his resentencing, which precludes review of any such claim in a § 2241 petition.[25]

---

[23] *See* Doc. 8.
[24] *See, e.g., United States v. Addonizio*, 442 U.S. 178, 179 (1979); *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002) (affirming dismissal of petitioner's § 2241 petition that "sought to challenge his sentence," which "falls within the purview of § 2255").
[25] *See Briggs v. Levi*, 275 F. App'x 111, 112 (3d Cir. 2008) (affirming dismissal of § 2241 habeas petition where inmate "has not shown that a § 2255 motion would be inadequate or ineffective to challenge the legality of his sentence").

## III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge
